IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL DERRICK EDWARDS,      )<br>    Plaintiff,                                   )<br>                                                    )<br>v.                                                 )<br>                                                    )<br>WHITE, *et al.*,                              )<br>    Defendants.                              ) | Civil Action No. 7:19cv00324<br><br>By: Elizabeth K. Dillon<br>       United States District Judge |

**ORDER**

Michael Derrick Edwards, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against several security staff members and medical personnel. His claims relate to a November 2018 incident when officers used force against Edwards and later placed him in five-point restraints. The case has been set for a jury trial in February 2023, and there are two pending motions for summary judgment by two different defendants who are medical personnel.

By opinion and order entered on September 7, 2021, the court denied Edwards's motion for partial judgment as a matter of law, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Edwards has now filed a motion asking the court to reconsider its ruling (Dkt. No. 259), which is pending before the court and addressed herein.

Edwards's primary complaint appears to be that he brought his motion for judgment pursuant to Federal Rule of Civil Procedure 50(a)(2), and the court, in denying his motion, referred simply to Rule 50(a) or to Rule 50(a)(1). (Dkt. No. 259 at 3.) He states that the court's decision shows it "has patently misunderstood" his motion. (*Id.*) He also argues that the defendants could have presented affidavits and evidence at any point in this case and the fact that they elected not to do so should not bar his motion.

Regardless of the subsection of Rule 50(a) pursuant to which Edwards brought his motion, it is not a proper motion prior to the start of trial.  *See Robinson v. Equifax Info. Sys., LLC*, 560 F.3d 235, 240 (4th Cir. 2009) (explaining that a district court may grant a motion for judgment as a matter of law pursuant to Rule 50(a) "during a trial"); *Norfolk S. Ry. Co. v. Baltimore & Annapolis R.R. Co.*, No. 4:13-CV-01264-BHH, 2016 WL 11606622, at *5 n.2 (D.S.C. Apr. 25, 2016), *aff'd in part, remanded in part sub nom. Norfolk S. Ry. Co. v. Baltimore & Annapolis R.R.*, 715 F. App'x 244 (4th Cir. 2017) ("While Rule 50(a)(2) does permit motions for judgment as a matter of law 'at any time before the case is submitted to the jury,' this section must be read in conjunction with Rule 50(a)(1) which authorizes Rule 50 motions "during a jury trial.").  That is the reason why the court denied his motion, as it explained.  (*See generally* Dkt. No. 251.)  Notably, moreover, Edwards specifically stated that he did not want his motion construed as a motion for summary judgment, so the court did not construe it as such.

Because Edwards has not shown any error by the court, his motion to reconsider (Dkt. No. 259) is DENIED.

Entered: January 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge